IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERNEST BROWN and CYNTHIA BROWN, Individually, et al., | § § § |
| Plaintiffs, | § § |
| | §   Civil Action No. 3:14-CV-1547-D |
| VS. | § § |
| SOILMEC S.p.A., et al., | § § |
| Defendants. | § § |

MEMORANDUM OPINION
AND ORDER

Plaintiffs move to remand this removed action, contending in pertinent part that the court lacks subject matter jurisdiction because the parties are not completely diverse citizens. For the reasons that follow, the court grants the motion and remands this case to state court.

I

Plaintiffs[1] are Texas citizens.  They brought suit in state court against defendants Soilmec S.p.A. ("Soilmec"), American Equipment & Fabricating Corp. ("American Equipment"), ATS Drilling, Inc. ("ATS"), and Webber, LLC ("Webber").  Soilmec is a foreign corporation.  It is undisputed that ATS and Webber are citizens of Texas.  Pursuant to 28 U.S.C. § 1441(a), Soilmec removed the case to this court on the basis of alienage jurisdiction, *see* 28 U.S.C. § 1332(a)(2).

---

[1]Plaintiffs are Ernest Brown and Cynthia Brown, individually, and Laketia Warren, as next friend for Stephen Kane Brown and Diemond Lashae Brown, minors, and as sole heirs and representatives of the estate of Stephen Wayne Brown, deceased.

In its notice of removal, Soilmec asserted that the consent of American Equipment was unnecessary because it had not been served.  Soilmec also stated that the consent of the remaining defendants—ATS and Webber—was unnecessary because Soilmec has a statutory right to remove under 28 U.S.C. § 1332(a)(2).  The court disagreed, noting that the consent of ATS and Webber was required because Soilmec was relying on 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Brown v. Soilmec S.p.A.*, No. 3:14-CV-1547-D, Order at 2 (N.D. Tex. May 6, 2014) (Fitzwater, C.J.) (quoting 28 U.S.C. § 1446(b)(2)(A)).  In its order, the court explained that Soilmec's failure to obtain the consent of ATS and Webber was a procedural defect, and that, unless plaintiffs timely moved to remand the case, the court would adjudicate the case despite the fact that it was not removable in the first place. *Id.* at 3.

Plaintiffs now move to remand, contending, *inter alia*, that the court lacks subject matter jurisdiction because there is not complete diversity between the parties.[2]  Soilmec opposes the motion.

---

[2]Plaintiffs move to remand on three grounds: (1) the court lacks subject matter jurisdiction because there is not complete diversity between the parties; (2) the "local defendant" rule precludes removal; and (3) Soilmec failed to obtain the consent of ATS and Webber, both of whom had been properly served prior to the filing of the notice of removal. The court need only consider the contention that the parties are not completely diverse citizens.

II

Federal courts have diversity jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001). "A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

III

Plaintiffs contend that the court lacks subject matter jurisdiction because the parties are not completely diverse. Soilmec responds that the court has subject matter jurisdiction based on alienage jurisdiction because Soilmec is a foreign corporation and none of the plaintiffs is an alien, and it suggests that alienage jurisdiction is an exception to the complete-diversity requirement. Plaintiffs reply that alienage jurisdiction is not an exception to the requirement of complete diversity.

Although alienage jurisdiction and diversity jurisdiction are distinct concepts, *see* 14A Charles A. Wright, et al., *Federal Practice and Procedure* § 3661, at 5 (4th ed. 2013), they are both governed by 28 U.S.C. § 1332, which requires complete diversity between the

- 3 -

parties, *see Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (per curiam) ("[Section] 1332(a)(2) requires complete diversity."). Soilmec does not cite any authority for the proposition that alienage jurisdiction is an exception to the complete-diversity requirement.[3] To the contrary, courts have uniformly held that alienage jurisdiction under 28 U.S.C. § 1332(a)(2) requires complete diversity between the parties. *See, e.g., Ergowerx Int'l, LLC v. Maxell Corp. of Am.*, ___ F.Supp.2d ____, 2014 WL 1813753, at *1 (S.D.N.Y. May 7, 2014) ("[T]o invoke alienage jurisdiction, there must still be complete diversity between the parties."); *Matao Yokeno v. Sawako Sekiguchi*, ___ F.3d ____, 2014 WL 1424453, at *1 (9th Cir. Apr. 15, 2014) ("We have repeatedly confirmed the application of [the complete-diversity] rule in alienage cases, refusing to hear disputes between aliens for lack of statutory jurisdiction even when a citizen party—and thus constitutionally required minimal diversity—is present."); *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 465 (10th Cir. 1990) ("The requirement of complete diversity . . . applies to the alienage provision of § 1332(a)(2).").[4]

---

[3]Soilmec cites *Karazanos v. Madison Two Associates*, 147 F.3d 624 (7th Cir. 1998), but that reliance is misplaced. *Karazanos* is a case about 28 U.S.C. § 1332(a)(3)—not the provision at issue here, 28 U.S.C. § 1332(a)(2). Moreover, the court's analysis in *Karazanos* is consistent with the court's approach here.

[4]Soilmec argues that *Depex Reina* is distinguishable because the defendant in that case was a partnership with at least one general partner who was a U.S. citizen. It notes that, by contrast, it is not a partnership and is exclusively a foreign corporation. This factual distinction is immaterial to the question presented. The legal issue is whether 28 U.S.C. § 1332(a)(2) requires complete diversity between the parties. It does, and *Depex Reina* recognized as much: "The requirement of complete diversity . . . applies to the alienage provision of § 1332(a)(2)." *Depex Reina*, 897 F.2d at 465.

Accordingly, the court holds that it lacks subject matter jurisdiction over this removed action because the parties are not completely diverse.  Plaintiffs are Texas citizens.  They aver that ATS and Webber are also Texas citizens, and Soilmec does not dispute this assertion.  As the removing party, Soilmec bears the burden of demonstrating that federal jurisdiction exists and that removal was proper.  It has failed to carry this burden.  Absent complete diversity, this court has not been shown to have subject matter jurisdiction under 28 U.S.C. § 1332(a)(2).

* * *

The court holds that it lacks subject matter jurisdiction, and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 95th Judicial District Court of Dallas County, Texas.  The clerk of court shall effect the remand according to the usual procedure.

**SO ORDERED.**

June 17, 2014.


SIDNEY A. FITZWATER
CHIEF JUDGE